E-FILED
Wednesday, 31 October, 2012  04:29:50 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MARK-LEWIS: PROUGH | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 12-CV-3269 |
| | ) | |
| DR. SREEHARI PATIBANDLA, | ) | |
| et al, | ) | |
|     Defendants, | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

A Jersey County Court Judge has found Plaintiff "not 'not guilty'" on a pending criminal charge of murdering his father.  The Judge has ordered Plaintiff to undergo treatment in a secure setting until March 30, 2016.  (Jersey Circuit Court Order dated 3/30/11, attached to Complaint.)  Plaintiff's Complaint is difficult to understand, but, reading the Complaint and the exhibits together, Plaintiff appears to be challenging the Judge's order and seeking damages for his confinement in the McFarland Mental Health Center.

28 U.S.C. § 1915A(b) requires the Court to review a complaint in which a prisoner seeks relief from a governmental entity or officer, and to dismiss the complaint if no legal claim is stated. Plaintiff is considered a "prisoner" under this statute because he is detained and criminal charges are pending against him. 28 U.S.C. §1915A(c).

Plaintiff's challenge to his custody cannot proceed as an action under 42 U.S.C. § 1983. The federal route for challenging custody is through a habeas corpus action after the exhaustion of state court remedies. This is true even if Plaintiff seeks only money damages. *See* Simpson v. Nickel, 450 F.3d 303, 307 (7th Cir. 2006)("Only after the custody is over may the prisoner use § 1983 to seek damages against persons who may have been responsible [for the illegal custody]; indeed, the § 1983 claim does not accrue until the custody ends."). In other words, Plaintiff must challenge his detention in state court first and pursue all possible appeals or other remedies available in the state court system before filing a habeas petition in federal court. An action for damages will not accrue until Plaintiff has successfully invalidated his

confinement.  <u>Heck v. Humphrey</u>, 512 U.S. 477, 487 (1994).  Conversion of this case into a habeas corpus is not appropriate, particularly since the Court cannot discern any violations of federal law from Plaintiff's allegations and no plausible inference arises that Plaintiff has exhausted his state court remedies.

IT IS THEREFORE ORDERED:

1) Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A.  This case is closed.  The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

2) This dismissal shall count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g).  28 U.S.C. § 1915(g) prohibits a prisoner from bringing an action or appeal in forma pauperis if that prisoner has had at least three prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim.  The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.

3) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. He may also incur another "strike" if his appeal is dismissed as frivolous, malicious, or for failure to state a claim.

ENTERED:   October 31, 2012

FOR THE COURT:

                                         s/Sue E. Myerscough
                                         SUE E. MYERSCOUGH
                                         UNITED STATES DISTRICT JUDGE